IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § | |
| AMIR MORTAZAVI (01) | § | CASE NO. 3:24-CR-00049-S |
| ROBERT LEISTEN (05) | § | |
| AMY HAASE KERNE (06) | § | |
| ERIC BERKMAN (09) | § | |
| JAMES ELLIS (12) | § | |
| WALTER STRASH (13) | § | |
| DAVID WOLF (14) | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF ORAL MOTION
TO DISCLOSE GRAND JURY TRANSCRIPT**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), Defendants Amir Mortazavi, Dr. Robert Leisten, Dr. Amy Haase Kerne, Dr. Eric Berkman, Dr. James Ellis, Dr. Walter Strash, and Dr. David Wolf (collectively, "Defendants") respectfully file this brief in support of their Oral Motion to Disclose the Grand Jury Transcript (the "Motion") and state as follows:

### I.   INTRODUCTION

Defendants respectfully move for disclosure of the grand jury transcript under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). The record demonstrates a concrete, particularized need for disclosure: the Indictment is duplicitous; the Government has admitted error; and the Court cannot determine on the present record whether at least 12 grand jurors concurred on each distinct offense as required by Rule 6(f). Disclosure—or, at minimum, in camera review—of the transcript is necessary to safeguard Defendants' Fifth Amendment right to grand jury indictment

and to assess whether grounds exist to dismiss the Indictment for matters that occurred before the grand jury.

## II. BACKGROUND

In Count One, the Indictment [Doc. 1] combines an 18 U.S.C. § 371 Travel Act conspiracy with an 18 U.S.C. § 1349 honest services/wire fraud conspiracy, creating duplicity acknowledged by the Government. *See* Doc. 276 at 6. Because the count aggregates distinct offenses, it is impossible to know whether at least 12 grand jurors concurred in any single offense—*e.g.*, whether 12 concurred in a Travel Act conspiracy or 12 concurred in an honest services conspiracy—thus implicating Rule 6(f)'s concurrence requirement and the core function of the grand jury. *See* Fed. R. Crim. P. 6(f) ("A grand jury may indict only if at least 12 jurors concur."). The Government's last-minute striking of statutory references does not cure the constitutional defect identified in *Russell v. United States*, which cautions against post hoc guessing about what the grand jury actually decided. *See* 369 U.S. 749, 770 (1962).

Trial is set in approximately three months. *See* Doc. 233. But the current Indictment cannot proceed if tainted by a grand jury defect. If the Court declines outright dismissal, disclosure of the grand jury transcript is the only effective way to confirm proper unanimity instructions and that at least 12 grand jurors concurred in a single offense charged in Count One. The Government's failure at the November 25 hearing to confirm a unanimity instruction strengthens Defendants' contention that the grand jury was improperly instructed and, given Defendants' particular need, warrants disclosure.

## III. LEGAL STANDARD

The Court has wide discretion to determine whether to disclose grand jury transcripts. *See Anilao v. Spota*, 918 F. Supp. 2d 157, 174 (E.D.N.Y. 2013) (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223, 228 (1979)). The Rules permit disclosure "at the request of

a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E)(ii). Courts order disclosure upon a showing of "particularized need" that outweighs continued secrecy. *Douglas Oil*, 441 U.S. at 223-24. Courts find particularized need where there are credible allegations of erroneous legal instructions, failures to present required matters, or doubts about Rule 6(f) concurrence—precisely the concerns present here. *See United States v. Bullock*, 448 F.2d 728, 729 (5th Cir. 1971) (holding that "defendant should have been accorded the right to inspect the required record . . . to ascertain that the substantive provisions of Fed. R. Crim. P. 6(f) were met."); *United States v. Le*, No. 13-CR-0295-WJM, 2014 WL 1882111, at *2 (D. Colo. May 12, 2014) (all grand jury materials disclosed where government admitted it did not present exculpatory evidence); *United States v. Peralta*, 763 F. Supp. 14, 18 (S.D.N.Y. 1991) (case dismissed after grand jury transcript reviewed and determined to contain flawed explanations of the law).

## IV.    ARGUMENT AND AUTHORITIES

### A.    The duplicity in Count One creates a concrete risk that fewer than 12 grand jurors concurred in any single offense, establishing "particularized need" under Rule 6.

Rule 6 requires at least 12 grand jurors to concur in the offense charged. *See* Fed. R. Crim. P. 6(f). The combined charging of a § 371 Travel Act conspiracy and a § 1349 honest services/wire fraud conspiracy in Count One presents an admitted, structural grand jury defect that cannot be cured post hoc. *See* Doc. 1 at 9; Doc. 276 at 6. The questions here—whether the grand jury was properly instructed and whether at least 12 jurors concurred in the same, valid conspiracy offense—establish the necessary particularized need narrowly tailored to avoid injustice and to vindicate the Fifth Amendment grand jury right. *Compare United States v. Madrid*, 610 F. App'x 359, 373-74 (5th Cir. 2015) (denying grand jury transcript disclosure and allowing superseding indictment to correct possible "unintentional drafting error" where

erroneous factual allegations did not undermine count's validity) *with United States v. Bullock*, 448 F.2d 728, 729 (5th Cir. 1971) (holding defendant was entitled to inspect juror concurrence record where he alleged a three-count indictment substituted for a six-count indictment lacked the concurrence of at least 12 grand jurors).

This motion does not rely on speculation. Rather, it points conclusively to a fundamental defect of the returned Indictment. Disclosure of the transcript is therefore necessary to assess whether dismissal is warranted under Rule 6(e)(3)(E)(ii), and the Government's retroactive cure is barred. *See Russell*, 369 U.S. at 770 ("To...make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention was designed to secure."). Because the Government is uniquely aware of what transpired before the grand jury, moreover, its failure to affirm that a unanimity instruction was given is compelling evidence that the grand jury was not properly instructed, thereby supporting Defendants' motion for disclosure.

>   **B.     Disclosure of the grand jury's legal instructions and concurrence record is especially appropriate and does not compromise secrecy.**

Courts recognize that the grand jury's legal "ground rules," including legal instructions, are distinct from deliberations and may be disclosed without undermining secrecy, even absent an extensive showing beyond what is present here. *See United States v. Belton*, No. 14-CR-00030-JST, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015) (granting defendant's motion to disclose the grand jury's legal instructions, concluding that such instructions are "ground rules" that do not reveal deliberations and thus may be disclosed without a particularized need); *see also United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973) ("The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not."). The limited disclosure sought—legal instructions and records sufficient

to verify Rule 6(f) concurrence—does not reveal juror deliberations, witness identities, or strategy, and is tailored to the defect at issue. The particularized need here far exceeds conclusory allegations commonly rejected in other cases because the duplicity is apparent on the face of the Indictment and the Government concedes error, distinguishing authority denying disclosure based on mere speculation or curable drafting mistakes. *See, e.g.*, *United States v. Valenzuela-Moreno*, No. 3:15-CR-106-D(1), 2015 WL 4745083, at *3 (N.D. Tex. Aug. 11, 2015) (explaining that "[t]he required showing of particularity and/or compelling necessity cannot be based on speculation.").

Moreover, *Bullock* and its progeny permit inspection of records necessary to test Rule 6(f) compliance—exactly the concern created by Count One's duplicity. *See* 448 F.2d at 729; *see also United States v. Benigno*, No. 76 CR. 0603, 1976 WL 852, at *7 (S.D.N.Y. Oct. 6, 1976) (stating that "[a]n accused is entitled . . . to be satisfied that the indictment was in fact concurred in by twelve or more grand jurors," and requiring "counsel for the Government . . . to furnish to counsel for defendant [ ] a copy of the record maintained pursuant to Rule 6(c)."); *United States v. Quinn*, 364 F. Supp. 432, 445 (N.D. Ga. 1973) (recognizing that the defendant's articulated grounds—verifying the number of jurors concurring, ensuring voters heard all the evidence, and assessing whether erroneous legal advice was given—constituted a "particular purpose" warranting inspection of the grand jury transcript and the record of juror concurrence).

    **C.**    **At minimum, the Court should conduct an in camera review to determine whether further disclosure or dismissal is warranted.**

If the Court has residual secrecy concerns, an in camera review is a well-accepted middle ground to evaluate whether the grand jury received proper legal instructions and whether at least 12 jurors concurred in a single offense. *See United States v. Firmin*, 589 F. Supp. 828, 830 (M.D. Pa. 1984) (affirming propriety of in camera review to determine more fulsome grand jury records

disclosure). Courts frequently employ in camera review to calibrate any subsequent disclosure. *See, e.g.*, *Anilao*, 918 F. Supp. 2d at 177 (granting disclosure based on alleged improper charging on the law, as well as false testimony following in camera review).

In camera review is particularly innocuous once the passage of time has significantly reduced secrecy interests. *See United States v. Mays*, 460 F. Supp. 573, 579-80 (E.D. Tex. 1978) ("Numerous courts have emphasized the concept that the reasons for grand jury secrecy greatly diminished once the grand jury has completed its work and adjourned.") (citing *Beatrice Foods Co. v. United States*, 312 F.2d 29 (9th Cir. 1963); *United States v. Alper*, 156 F.2d 222 (2d Cir. 1946); *United States v. Gen. Motors Corp.*, 352 F. Supp. 1071 (E.D. Mich. 1973)). Here, the Indictment's factual allegations are more than five years old, and the grand jury ceased operations almost two years ago; therefore, the principal rationales for grand jury secrecy—protecting ongoing investigations, preventing witness interference or flight, and avoiding reputational harm before charging—are substantially diminished, making in camera review an appropriately narrow means to assess the grand jury instructions and juror concurrence while preserving any residual confidentiality. *See Douglas Oil*, 441 U.S. at 218-19; Doc. 1 at 1, 3-4. However, should the Court find the need for secrecy is not overcome by Defendants' particularized need, in camera review remains an appropriate, narrowly tailored means to assess the sufficiency of the grand jury instructions and juror concurrence while preserving secrecy.

The Government's interest in maintaining the secrecy of the grand jury transcript is significantly reduced by the fact that this grand jury's deliberations have been completed. The Fifth Circuit has recognized that, "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *In re Grand Jury Testimony*, 832 F.2d 60, 62-63 (5th Cir. 1987) (quoting *Douglas*

*Oil*, 411 U.S. at 223). The justifications for secrecy are greatly obviated where, as here, the grand jury deliberations have concluded. *See In re Corrugated Container Antitrust Litig.*, 687 F.2d 52, 55 (5th Cir. 1982) (identifying grand jury disbandment as factor favoring disclosure). The disclosure of the transcript would not reveal anything—to these Defendants or to the public—about a pending grand jury, its deliberations, or any "matters occurring before" it. Such concerns that may have argued against disclosure disappeared when this grand jury completed its work. This factor weighs in favor of disclosure to the Defendants and against any argument for the continued need of the transcript's secrecy.

## V.   CONCLUSION

Without a unanimity instruction to the grand jurors, they were not properly and adequately instructed on the law by the Government. Without access to the grand jury transcript, the Court and Defendants cannot know whether a unanimity instruction was given. Thus, Defendants respectfully request that the Court order disclosure of the grand jury transcript pursuant to Rule 6(e)(3)(E)(ii). In the alternative, Defendants request that the Court conduct an in camera review to determine whether the grand jury was properly instructed and whether the Indictment complies with Rule 6(f).

Respectfully submitted,

*/s/ Paul E. Coggins*
Paul E. Coggins
Texas Bar No. 04504700
Jennifer M. McCoy
Texas Bar No. 24089805
Alexandra G. Lancey
Texas Bar No. 24141263
Kaci M. Jones
Texas Bar No. 24136933
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas TX 75201
Tel. 214-740-8000
Fax. 214-740-8800
**ATTORNEYS FOR AMIR MORTAZAVI (01)**

*/s/ Anthony Box*
Anthony Box
Texas Bar No. 24133857
abox@grayreed.com
Christopher A. Davis
Texas Bar No. 24050483
cdavis@grayreed.com
Angela L. Brown
Texas Bar No. 24034533
abrown@grayreed.com
GRAY REED
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Tel: (214) 954-4135
Fax: (214) 953-1332
**ATTORNEYS FOR ROBERT LEISTEN (05)**

/s/ JoAnne Musick
JoAnne Musick
State Bar No. 24000371
Jessica Larson
State Bar No. 24129433
Musick Law Office PLLC
2219 Sawdust Rd., Suite 201
Spring, Texas 77380
832-448-1148
**ATTORNEYS FOR AMY HAASE KERNE (06)**


/s/ Chip Lewis
Chip Lewis
Texas Bar No. 00791107
chip@chiplewislaw.com
Erin Epley
Texas Bar No. 24061389
erin@epley-law.com
Dean Blumrosen
Texas Bar No. 02517900
dblumrosenlaw@gmail.com
Inger Chandler
Texas Bar No. 24041051
inger@ingerchandlerlaw.com
1207 S. Shepherd Dr.
Houston, Texas 77019
Tel: (713) 523-7878
**ATTORNEYS FOR ERIC BERKMAN (09)**


/s/ James T. Jacks
James T. Jacks
Texas Bar No. 10449500
jim@jamesjackslaw.com
Ross Tower
500 N. Akard, Suite 2150
Dallas, TX. 75201
Tel: 214.237.0900
Fax: 214.237.0901 (facsimile)
**ATTORNEY FOR JAMES ELLIS (12)**

/s/ *Jeff J. Ansley*
Jeffrey J. Ansley
Texas Bar No. 00790235
jansley@vedderprice.com
Arianna G. Goodman
Texas Bar No. 24109938
agoodman@vedderprice.com
Katherine M. Devlin
Texas Bar No. 24094372
kdevlin@vedderprice.com
VEDDER PRICE P.C.
300 Crescent Court, Suite 400
Dallas, Texas 75201
469.895.4790 (Ansley)
**ATTORNEYS FOR WALTER STRASH (13)**

/s/ *Brandon N. McCarthy*
Brandon N. McCarthy
Texas Bar No. 24027486
brandon.mccarthy@katten.com
Rachel M. Riley
Texas Bar No. 24093044
rachel.riley@katten.com
KATTEN MUCHIN ROSENMAN
2121 North Pearl Street, Suite 1100
Dallas, TX 75201
Tel: 214-765-3680
Fax: 214-765-3602
**ATTORNEYS FOR DAVID WOLF (14)**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 5, 2025, the foregoing document was served on all counsel of record via ECF in accordance with the Federal Rules of Civil Procedure.

/s/ *Jennifer M. McCoy*
Jennifer M. McCoy