IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMIR MORTAZAVI  (01)<br>ROBERT LEISTEN  (05)<br>AMY HAASE  (06)<br> A/K/A AMY HAASE KERNE<br>ARNOLD FARBSTEIN  (07)<br>ERIC BERKMAN  (09)<br>JORGE CUZA  (10)<br>KATHREN MCCARTY  (11)<br>JAMES ELLIS (12)<br>WALTER STRASH  (13)<br>DAVID WOLF  (14) | No. 3:24-CR-049-S |

**GOVERNMENT'S NOTICE OF INTENTION TO SEEK
<u>A SUPERSEDING INDICTMENT</u>**

In accordance with the Court's request at the motion's hearing on November 25, 2025, the government gives notice of its intent to supersede the indictment to further confirm that Count One only charges a conspiracy count under 18 U.S.C. § 371.

To be clear, the government does not in any way believe that the grand jury improperly returned Count One in the original indictment.  "The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime."  *Kaley v. United States*, 571 U.S. 320, 328 (2014).  "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the

charge on the merits. *Costello v. United States*, 350 U.S. 359, 363 (1950). And "[i]t is well established that even the citation of an inapposite criminal statute in an indictment does not render a conviction based on a different statute invalid, so long as the elements of the relevant statutory offense charged are adequately described in the indictment. *United States v. Greenwood*, 974 F.2d 1449, 1472 (5th Cir. 1992) (citing *Williams v. United States*, 168 U.S. 382 (1897)).

As argued at the motions hearing, it is not the minor references to 18 U.S.C. § 1349—stricken as surplusage—that should control, but rather the actual substance of the 13-pages between those superfluous cites, which clearly allege a single conspiracy count with two objects, complete with numerous overt acts, in violation of 18 U.S.C. § 371.[1] Therefore, the government stands by its pleadings and arguments that the current indictment is sufficient as is—especially in light of the government's clear and timely election to proceed solely under Section 371. *See United States v. McDermot*, 58 F.3d 636, 1995 WL 371036, at *4, n.6 (5th Cir. 1995) ("An indictment or information charging two separate offenses in a single count is duplicitous, but this is not fatal, and does not require dismissal of the count. The proper remedy is to require the government to elect upon which charge contained in the count it will rely.")

---

[1] It is not possible to charge these defendants with both a 371 conspiracy and a 1349 conspiracy in separate counts, both based on the deprivation of the intangible right of honest services as alleged and charged in Count One. That would be multiplicitous—charging the same offense in two different counts.

But, out of an abundance of caution, the government will seek to supersede the indictment with a new indictment that removes the references to 18 U.S.C. § 1349 in Count One.[2]

The government does not believe that the superseding indictment should affect the current trial setting. "A superseding indictment filed while the initial indictment is pending is timely unless it broadens or substantially amends the charges made in the original indictment." *United States v. Schmick*, 904 F.2d 936, 940 (5th Cir. 1990). *See also*, *United States v. McMillan*, 600 F.3d 434, 444 (5th Cir. 2010). Here, Count One remains exactly the same, charging the exact same conspiracy.[3]

Moreover, "[t]he filing of a superseding indictment does not affect the speedy-trial clock for offenses charged in the original indictment or any offense required under double jeopardy principles to be joined with the original offenses. The seventy-day speedy-trial period continues to run from the date of the original indictment or arraignment, whichever was later, and all speedy-trial exclusions apply as if no superseding indictment had been returned." *United States v. Gonzales*, 897 F.2d 1312, 1316 (5th Cir. 1990) (citations omitted). Therefore, any remaining defendants set for trial can be arraigned on

---

[2] The superseding indictment will also remove the reference to the Texas Anti-Patient Solicitation Act and current paragraph 3.

[3] The government also notes that defendants would not have had any right to the grand jury transcript. In order to compel the disclosure of grand jury proceedings, defendants have the burden of showing "a particularized need" for the materials that outweighs the policy of secrecy. *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 224–225 (1979)). However, there is no particularized need here given that the government has been clear as to the instructions given to the grand jury and duplicity does not require dismissal. *See McDermot*, 58 F.3d 636, 1995 WL 371036, at *4, n.6. Regardless, the superseding indictment obviates the need to review the prior deliberations.

the superseding indictment (should one be returned) on the day jury trial begins and no additional arraignment hearings are necessary. *See United States v. Rojas-Contreras*, 474 U.S. 231, 234-36 (1985) (affirming conviction when superseding indictment returned one-day prior to jury trial).

        Respectfully submitted,

        RYAN RAYBOULD
        UNITED STATES ATTORNEY

        */s/ Chad E. Meacham*
        CHAD E. MEACHAM
        Assistant United States Attorney
        Texas Bar No. 00784584
        Email: chad.meacham@usdoj.gov
        MARTY BASU
        Assistant United States Attorney
        Illinois Bar No. 6302360
        Email: marty.basu@usdoj.gov
        ELISE ALDENDIFER
        Texas Bar No. 24124103
        Email:  elise.aldendifer@usdoj.gov
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Tel: (214) 659-8600
        Fax: (214) 659-8809
        **Attorneys for the United States**