IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:24-CR-049-S |
| AMIR MORTAZAVI  (01) | |
| ROBERT LEISTEN  (05) | |
| AMY HAASE  (06) | |
|  A/K/A AMY HAASE KERNE | |
| ARNOLD FARBSTEIN  (07) | |
| JORGE CUZA  (10) | |
| KATHREN MCCARTY  (11) | |
| JAMES ELLIS (12) | |
| WALTER STRASH  (13) | |
| DAVID WOLF  (14) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANTS' MOTION TO CONTINUE (Dkt. 302)**

The United States of America hereby files this response in opposition to the

defendants' Motion to Continue.[1]  The Defendants assert that a continuance until July is

necessary for three reasons:  (1)  that the indictment was recently superseded and time is

needed to challenge it; (2) the government's recent notice of expert testimony creates a

problem for the defense because they need time to hire counter experts; and (3) the

defense recently acquired some documents from third parties that require thorough

review, and more materials are expected.  These reasons do not justify a continuance

---

[1] This motion is joined by nine of the remaining ten defendants.  Defendant Berkman filed a second sealed motion for continuance, unopposed by the Government, which has been granted by the Court.  The government will move, if necessary, to sever Berkman from these remaining defendants.  Defendant Cuza took no position on the motion.

from the current trial setting of February 23, 2026, which was set by this Court on June 27, 2025. (Dkt. 233).

The government is unopposed to continuing the pre-trial materials deadlines for two weeks while the defendants challenge the superseding indictment and continue preparing for trial.

### A.    The Defendants do not need extra time to address the superseding indictment.

The Defendants have known since December 5, 2025, that the government was going to seek a superseding indictment that was virtually identical to the original—which is exactly what it did. (Dkt. 290). The Defendants challenged the original indictment, and the Court heard argument on those challenges.. The new indictment cannot raise any new legal issues because it is identical to the old indictment except that the modification addresses the duplicity issue that Defendants raised in their motion to dismiss.[2] It defies logic that the Defendants cannot, within an expedited briefing schedule, mount their challenges to the superseding indictment. Once done, and denied, the case can proceed as currently scheduled.

---

[2] At the November 25, 2025, hearing, the government elected to strike 18 U.S.C. § 1349 from Count One of the original indictment and proceed solely on a conspiracy under 18 U.S.C. § 371, and the Court orally granted that request. Then, on December 5, 2025, the government provided written notice of its intent to supersede the indictment to further confirm that election, (dkt. 290), thereby giving Defendants ample notice of the resulting superseding indictment and sufficient time to prepare responsive arguments under an expedited briefing schedule.

Government's Response to Defendant's Motion to Continue - Page 2

B.      **The Defendants have plenty of time to hire rebuttal experts.**

The government's notice of expert testimony and the expert's report were filed on January 5, 2026, *seven weeks* prior to trial.  This indictment has been pending for almost two-years and the case has been set for over six months.  The Defendants identify the scope of the expert's testimony but do not advance any arguments as to why they cannot hire their own experts in the now six-weeks remaining before trial.

The cases cited by the defendants are illustrative of the relevant issues.  In the *Barrett* case, the government filed its notice of expert testimony 8 days prior to trial and provided the defense with the expert report two days prior to trial.  *United States v. Barrett*, 703 F.2d 1076, 1080 (9th Cir. 1983).  In *Martines*, the defense sought an expert one-day before trial.  *United States v. Martines*, 903 F. Supp. 2d 1061, 1063-64 (D. Haw. 2012).  As shown above, the Defendants were noticed seven weeks prior to trial, and Defendants have not made it clear as to why rebuttal experts cannot be hired within this timeframe.

C.      **Defendants have had sufficient time to subpoena documents.**

The Defendants claim that they only recently acquired documents from third parties and need additional time to review them.  The government expects the defense to turn-over discovery up until the time of trial.  But the failure of the defendants to timely acquire the information and provide reciprocal discovery as previously ordered by this Court is not grounds for them to continue the case.  As above, there is no allegation as to the volume of these documents nor the amount of time needed to thoroughly review

**Government's Response to Defendant's Motion to Continue - Page 3**

them.  The current trial setting is six-weeks from yesterday and there is no reason to believe that is an insufficient amount of time.

### D.    Conclusion

For these reasons, the government respectfully asks that the Court deny the defendants' motion to continue and postpone the current deadline for the filing of pre-trial materials by two weeks.

ALTERNATIVELY, the Government now believes the trial of this matter, even with numerous defendants, will take approximately four weeks.  Therefore, if the Court grants a continuance, the government's alternative request is that such continuance be limited to two to three weeks.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

CHAD E. MEACHAM
Assistant United States Attorney
Texas Bar No. 00784584
Email: chad.meacham@usdoj.gov
MARTY BASU
Assistant United States Attorney
Illinois Bar No. 6302360
Email: marty.basu@usdoj.gov
ELISE ALDENDIFER
Texas Bar No. 24124103
Email:  elise.aldendifer@usdoj.gov
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: (214) 659-8600
Fax: (214) 659-8809
**Attorneys for the United States**